MOTION to open the judgment in this case, it having been given against Howell, the appellee.
This is an appeal from the Circuit Court of St. Louis county, where judgment was given for appellee. On the case being brought here, the appellant assigned errors in due time. To which assignment, there was no joinder in error, and judgment was given against the appellee for want of this joinder in error, in pursuance of a rule of this Court, which says, errors on an appeal shall be assigned within the thiee first days of the term to which it is brought, and there shall be a joinder to -the errors thus assigned, within three days thereafter, otherwise the errors shall be taken to be confessed, and the Court shall proceed accordingly.
A motion is now made by the counsel of the appellee, Howell, to set this judgment aside, on the ground that there is no error in the record, and that notwithstanding this rule, the Court should examine the record, and if there is no error therein, should have affirmed the judgment, and that that part of the rule which says the errors shall he taken to he confessed, and proceeding had accordingly, will not authorize the Court to give judgment without looking into the record, and that they must then give judgment as the matter in law may appear.
To prove the Court should have examined the record where the errors are confessed, or quasi confessed, 2 L. Raymond 1005, Sal. 268, and 3 Sal. 299, are relied on. The cases in Raymond and 3 Salk, are the same. The case was oil error brought, the plaintiff assigned for error, the want of an original. The defendant in error pleaded a release of errors, but laid no venue on demurrer; the plea was holden bad, and to be a confession of the error assigned, to wit: that there was no original. Then the question was, for whom, or what judgment the Court would give. The Court appeared to think a certiorari must go to the Common Pleas, to ascertain the fact, whether there was an original or not, and it was admitted by the plaintiff's counsel, *98 that he could not ask for the certiorari; because the defendant, by his plea of release, admitted there was no original, The Court doubted their power to send the cerlio„ ran, and without it, it is said they could not reverse the judgment, and the Court or reporter of that case, use the most strong contradiction to come to the conclusion .which they come to; which conclusion is contradictory to the premises, and the case is so obscure, that nothing can be made of it 5 but.the same case is reported by Lord Raymond, and by his report of the case, the whole appears clear enough. The case is Carltou v. Mortagh, the, one above cited, (2 L. Raymond, 1005.) This was error brought, and the want of an original assigned for error j the defendant plead a release of errors, but laid no venue and a demurrer for this cause, and the demurrers sustained, and it was holden that the plea admitted the want of an original, which was error 3 hut the Court were at a loss what to do, to inform their conscience if there was an original, because the defendant could not pray the certiorari, and they say this can be done after in tmllO est erratwn, pleaded, and the report proceeds, “ for the Court ought to examine the errors, for if in a release is pleaded and found for the plaintiff) yet if there is no error, the Court cannot reverse the judgment, and if" the release is found for the defendant, a different judgment must be given, according as the error assigned may he sufficient or not; so a rule was granted to show cause why the certiorari should not be granted, and after argument, the rule was made absolute ; Holt, chief justice, dissented, • This case shows it was the duly of the Court, though the error stood confessed, to examine the error assigned, and give judgment accoid-ing as the error may or may not he sufficient in law. I11 the case before the Court, the rule is, that the error shall be taken to be confessed, and proceeding shall be had accordingly, which proceeding, by the case in Raymond above cited, is to examine the errors. See also to this point, 2 Bac. 476, note U. Upon this authority, the judgment of reversal must be set aside, and the cause set for hearing ex-partc.